**Apolinar Africa MAYA; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74160.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Apolinar Africa Maya, Oxnard, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Virginia Lum, DOJ—U.S. Department of Justice, Civil

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Apolinar Africa Maya and his wife Glezeil Maya, natives and citizens of the Philippines, petition pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000), and we deny the petition for review.

Africa Maya testified that although he had no personal experiences with the New People's Army ("NPA"), he feared returning to the Philippines because he feared the terrorism and crime perpetrated by that group. Although Africa Maya testified that he had witnessed bombings, and heard about kidnaping and extortion by members of the NPA, substantial evidence supports the BIA's determination that the petitioners failed to establish past persecution or a well-founded fear of future persecution. Africa Maya offered no evidence to show that he or his family had ever been targeted for persecution, or that they were likely to be persecuted on account of a protected ground. *See id.* (concluding that an asylum claim based on general civil strife or random violence is not sufficient to demonstrate a well-founded fear of persecution); *Aruta v. INS*, 80

F.3d 1389, 1395 (9th Cir.1996) (holding that petitioner's fear of persecution is undermined when similarly-situated family members continue to live in the country without incident).

Because Africa Maya did not meet the burden of proof for asylum, he necessarily failed to meet the higher burden of proof for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003) (noting that withholding of removal requires a showing of a "clear probability of persecution").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

